UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YVES DEUGOUE,

        Plaintiff,

    v.

ICELANDAIR, EHF,

        Defendant.

No.  2:26-mc-00136-DAD-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(1), Local Rule 302(c)(21), and 28 U.S.C. § 636(b)(1).  Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") and a declaration, including a statement of income and expenses, averring he is unable to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  However, the Court has reviewed the motion to quash pursuant to its screening function under 28 U.S.C. § 1915(e), and it is apparent that Plaintiff has filed the motion in the wrong court.  The Court will therefore deny the motion to quash without prejudice.

The motion to quash states the parties are currently in litigation in Massachusetts Superior Court, Suffolk County, Case # 2584CV02185.  ECF No. 1 at 1.  The dispute began as a case in federal court in the District of Massachusetts.  There, the court dismissed two counts with

1

prejudice and dismissed two counts without prejudice to refiling in state court.  *See Deugoue v. Icelandair*, No. 1:23-CV-11615-IT, 2025 WL 1884302 (D. Mass. July 8, 2025).  The subpoena at issue was issued by the Superior Court of California, County of Sacramento.  ECF No. 1 at 19-22.  Thus, Plaintiff seeks to have this Court quash a subpoena that was issued by a state court in California pursuant to an action proceeding in state court in Massachusetts.  The appropriate court to entertain a motion to quash is the court that issued the subpoena.

In *S.E.C. v. CMKM Diamonds, Inc*., 656 F.3d 829 (9th Cir. 2011), the Ninth Circuit faced the question of whether a Nevada federal district court had appropriately determined that it lacked authority to quash a subpoena issued by a California federal district court.  The Ninth Circuit affirmed the Nevada district court's determination that it lacked jurisdiction to consider the motion to quash the subpoena issued by the California district court.  *Id*. at 832.  The Ninth Circuit explained that the language of Rule 45 "clearly provides that a motion to quash or modify a subpoena should be adjudicated by the court that issued the subpoena." *Id*. at 831.  The Ninth Circuit concluded: "On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena." *Id*. at 832; *see also Pure Fishing, Inc. v. Redwing Tackle, Ltd*., No. C12-0393RSM, 2012 WL 1133384, at * 2 (W.D. Wash. April 4, 2012) ("[T]he Ninth Circuit Court of Appeals examined Rule 45 and determined that only the issuing court may quash a subpoena[.]").

Here, Plaintiff does not challenge a subpoena issued by this Court, or by any federal court.  The underlying action is pending in Massachusetts state court, and the subpoena was issued by a California state court.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's motion to quash (ECF No. 1) is DENIED without prejudice to Plaintiff pursuing the motion in the appropriate state court.

////

////

3.   The Clerk is directed to close this file.

SO ORDERED.

DATED: May 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3